**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HENRY JOHNSON,<br><br>         Plaintiff,<br><br> v.<br><br>ONE NEVADA CREDIT UNION, *et. al.*,<br><br>         Defendants. | Case No. 3:22-CV-00055-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Henry Johnson's ("Johnson"), application to proceed *in forma pauperis* (ECF No. 1), and complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Johnson's *in forma pauperis* application, (ECF No. 1), be granted, and his complaint (ECF No. 1-1), be dismissed, with prejudice.

**I.** ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Johnson cannot pay the filing fee; therefore, the Court recommends that the application, (ECF No. 1), be granted and Johnson be granted permission to proceed IFP.

## II. SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must

offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III.   SCREENING OF COMPLAINT

In his complaint, Johnson sues Defendants One Nevada Credit Union ("One Nevada"), John Scharfenberg, and Brad Beal (collectively referred to as "Defendants") under 42 U.S.C. § 1983. (*See* ECF No. 1-1.)  Johnson alleges than in May 2016 an account was opened at One Nevada in Johnson's name using Johnson's stolen identification, and that in August 2016 an unknown person moved Johnson's retirement deposits into the "fraudulent account." (*Id.* at 2-4.) Based on these allegations, Johnson asserts claims for "fraud" and "exploitation of an older/vulnerable person" against Defendants as they "knew of this ongoing fraud and allowed money deposited into this account to be stolen." (*Id.*) Johnson seeks monetary damages. (*Id.* at 7.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state

law. *Anderson*, 451 F.3d at 1067.

A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). "A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002). The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (internal quotation marks omitted).

Based on Johnson's allegations, the Defendants violated Johnson's rights because they allowed an unauthorized account to be opened and failed to safeguard deposits made into the account. Johnson asserts that this violates his Fifth and Tenth Amendment rights. (ECF No. 1-1 at 4.) The Fifth Amendment applies to conduct by the Federal Government. *See Capital City Dairy Co. v. Ohio*, 183 U.S. 238 (1901). Defendants are not government officials—neither federal nor state—however given Johnson's *pro se* status, the Court will liberally construe his allegations as asserting a due process violation. Even construing Johnson's allegations liberally, his allegations are wholly conclusory and do not constitute violations of due process. Johnson has failed to plead, with any specificity, his claim that Defendants violated his due process rights. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount."). Additionally, Johnson cannot state a section 1983 claim based on the Tenth Amendment "because it is neither a source of federal authority nor a fount of individual constitutional

4

rights." *Stone v. City of Prescott*, 173 F.3d 1172, 1175 (9th Cir. 1999); *New York v. U.S.*, 505 U.S. 144, 157 (1992) ("Tenth Amendment confirms that the power of the Federal Government is subject to limits that may, in a given instance, reserve power to States.").

While allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers, a plaintiff must provide more than mere labels and conclusions. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action is insufficient. *See Twombly*, 550 U.S. at 555. Even if the Court were to assume Johnson has articulated a violation of a federally-protected right, no claim could proceed against Defendants because they are private parties. Johnson does not allege that Defendants were acting under the color of state law when his rights were violated or that Defendants conspired or entered joint action with a state actor. Because Johnson is suing private parties and does not assert that they acted under the color of state law, he cannot satisfy each of the required elements for relief under an § 1983 action.

To the extent Johnson's § 1983 claim is premised upon a "fraud" committed by Defendants, Johnson fails to plead what right he was deprived of by any such fraud. *See, e.g., Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (noting that § 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere."). Johnson's claim of "exploitation of a vulnerable person" similarly fails. NRS § 41.1395(1) defines exploitation of a vulnerable person. However, this statute does not create an independent claim. Rather, it is a means to recover special damages under certain circumstances. *Findlay Mgmt. Grp. v. Jenkins*, No. 60920, 2015 WL 5728870, at *2 (Nev. Sept. 28, 2015) (describing this statute as one for special damages that must be specifically plead under Nevada law); *Phipps v. Clark Cty. Sch. Dist.*, 164 F.Supp.3d 1220, 1229 (D. Nev. Feb. 22, 2016) (referring to this section as providing "enhanced damages").

Johnson states no claim upon which relief may be granted, and therefore this action should be dismissed, with prejudice. Leave to amend is not appropriate because

the deficiencies in Johnson's complaint cannot be cured by amendment, making amendment futile. *See Cato*, 70 F.3d at 1106.

## IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Johnson's application to proceed *in forma pauperis*, (ECF No. 1), be granted, and his complaint, (ECF No. 1-1), be dismissed, with prejudice, as amendment would be futile.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Johnson's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Johnson's complaint, (ECF No. 1-1), be **DISMISSED, WITH PREJUDICE**; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED**, and judgment be entered accordingly.

**DATED**: February 4, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**