UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HENRY JOHNSON,<br><br>  Plaintiff,<br>v.<br><br>ONE NEVADA CREDIT UNION, *et al.*,<br><br>  Defendants. | Case No. 3:22-cv-00055-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Henry Johnson brings this 42 U.S.C. § 1983 action against Defendants One Nevada Credit Union, John Scharfenberg, and Brad Beal. Before the Court is the Report and Recommendation (ECF No. 3 ("R&R")) of United States Magistrate Judge Carla L. Baldwin, recommending that the Court grant Johnson's application to proceed *in forma pauperis* ("IFP Application") and dismiss the case with prejudice. Johnson had until February 18, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss the case with prejudice because amendment is futile.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. To start, Johnson's IFP Application shows that he is unable to pay the filing fee. (ECF No. 3 at 2.) *See* 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Next, Judge Baldwin correctly found that Johnson may not bring a Fifth Amendment claim because Defendants are not government officials, bring a § 1983 claim under the Tenth Amendment, and that Johnson's allegations for due process violations are conclusory. *See Stone v. City of Prescott*, 173 F.3d 1172, 1175 (9th Cir. 1999) (holding that the plaintiffs "cannot found a section 1983 claim on the Tenth Amendment because it is neither a source of federal authority nor a fount of individual constitutional rights"); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (noting that "the Fifth Amendment's due process clause only applies to the federal government").

Moreover, Johnson fails to allege that Defendants were acting under color of state law, a requirement for § 1983 claims, or that they "conspired or entered joint action with a state actor." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). Judge Baldwin also correctly found that Johnson fails to specify the right that he was deprived of due to the alleged fraud. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Finally, because the Court will dismiss Johnson's federal and constitutional claims, the Court declines to exercise supplemental jurisdiction over Johnson's state-law elder exploitation claim under NRS § 41.1395. *See* 28 U.S.C. § 1367(c)(3); *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997). The Court therefore agrees with Judge Baldwin and adopts the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Johnson's application to proceed *in forma pauperis* (ECF No. 1) is granted.

The Clerk of Court is directed to file the Complaint. (ECF No. 1-1.)

It is further ordered that this case is dismissed with prejudice because amendment is futile.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 18th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE